UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN R. DAVIS, | Case No. 2:18-CV-673 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITEL VOICE, LLC d/b/a TELECOM MANAGEMENT GROUP, INC., et al., | |
| Defendant(s). | |

Presently before the court is defendant Unitel Voice, LLC d/b/a Telecom Management Group, Inc.'s ("Unitel") motion to dismiss. (ECF No. 26). *Pro se* plaintiff Steven R. Davis ("Davis") filed a response (ECF No. 35), to which Unitel replied (ECF No. 39).

Also before the court is defendant Somos, Inc.'s ("Somos") motion to dismiss. (ECF No. 63). Davis filed a response (ECF No. 65), to which Somos replied (ECF No. 69).

**I.     Facts**

Davis initiated the instant suit against Unitel and Somos under the Federal Communications Act, 47 U.S.C. § 201 *et seq.*, and Federal Communications Commission ("FCC") regulations, which provide a private right of action against "communication services" that engage in illegal, unjust, and unreasonable business practices. *See* 47 U.S.C. § 201 *et seq.*; (ECF No. 24).

Unitel, an Illinois corporation, is a certified carrier entity that searches for and reserves vanity toll free numbers ("VTFNs") for its customers. (ECF No. 24 at 5–6). In 2014, after several email and telephone conversations, Davis agreed to pay Unitel to reserve new VTFNs for him. (ECF No. 24 at 5–6). By February 2016, Unitel reserved approximately 25,000 new

**James C. Mahan**
**U.S. District Judge**

VTFNs for Davis. *Id*. at 7. Thereafter, Davis stopped making payments pursuant to the agreement. (ECF Nos. 24 at 9, 26 at 5). On April 8, 2016, Davis received notification that Unitel had terminated his account due to his failure to make payments. (ECF No. 24 at 10).

Upon termination, Unitel released all of Davis's VTFNs to Somos—an "SMS/800 Toll Free Number Registry" database incorporated in the District of Columbia with its principal place of business in New Jersey—for other parties to acquire. (ECF Nos. 24 at 10, 63 at 3). Somos allegedly allowed another company, Level 3 Communications, LLC ("Level 3 LLC"), to acquire numerous VTFNs once belonging to Davis. *Id*.

Davis, a Nevada citizen, filed this action on April 13, 2018, alleging that Unitel and Somos engaged in illegal, unjust, and unreasonable practices in violation of the Federal Communications Act, 47 U.S.C. §§ 201, *et seq.*, and FCC regulations, 47 CFR §§ 52.101, *et seq.* (ECF No. 1-1). On July 2, 2018, Davis filed his first amended complaint ("FAC"). (ECF No. 24). Now, Unitel and Somos move to dismiss for lack of personal jurisdiction. (ECF Nos. 26, 63).

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). To avoid dismissal under Rule 12(b)(2), a plaintiff bears the burden of demonstrating that its allegations establish a *prima facie* case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in the complaint must be taken as true and factual disputes should be construed in the plaintiff's favor. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto*, 539 F.3d at 1015; *see also Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Where a state has a "long-arm" statute providing its courts jurisdiction to the fullest extent permitted by the due process clause, as Nevada does, a court need only address federal due process standards. *See Arbella Mut. Ins. Co. v. Eighth Judicial*

*Dist. Court*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065); *see also Boschetto*, 539 F.3d at 1015.

An assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). Two categories of personal jurisdiction exist: (1) general jurisdiction; and (2) specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15 (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

General jurisdiction arises where a defendant has continuous and systematic ties with the forum, even if those ties are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414–16). "[T]he plaintiff must demonstrate the defendant has sufficient contacts that approximate physical presence." *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (internal quotation marks and citations omitted). In other words, defendant's affiliations with the forum state must be so "continuous and systematic" as to render to essentially "at home" in that forum. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Specific jurisdiction arises where sufficient contacts with the forum state exist such that the assertion of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either

James C. Mahan
U.S. District Judge

1 of these prongs, personal jurisdiction is not established in the forum state." *Id*. (citations omitted).

### III. Discussion

Unitel and Somos argue that the court should dismiss Davis's claims against them for lack of personal jurisdiction. *See* (ECF Nos. 26, 43, 63). The court will therefore address whether it has either general or specific jurisdiction over each defendant.

*a. General jurisdiction*

To establish general jurisdiction over a corporation, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler*, 571 U.S. at 137 (citation omitted). A corporation may also be subject to general jurisdiction in a forum where it has engaged in "substantial, continuous, and systematic courses of business" that essentially render it "at home" in that forum. *Id*. at 137–38.

The Ninth Circuit has held that general jurisdiction does not exist in situations where a corporation is not registered in the forum, has no officers or employees in the forum, has no registered agent in the forum, and has not paid taxes in the forum. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1225 (9th Cir. 2011).

*i. Unitel*

The court finds that it does not have general jurisdiction over Unitel because Nevada is neither its place of incorporation nor principal place of business. *See Daimler*, 571 U.S. at 137 (citation omitted); (ECF Nos. 24, 26). Unitel also does not have continuous and systematic contact with Nevada because, as Unitel asserts and Davis does not dispute, Unitel is not registered to do business in Nevada and does not lease office space, maintain employees, or have contractors within Nevada. *See* (ECF Nos. 24, 26, 35, 39). Further, Unitel's employees do not travel to Nevada to seek or solicit business. (ECF No. 26 at 8). Thus, the court finds that it cannot exercise general jurisdiction over Unitel.

*ii. Somos*

Similarly, the court does not have general jurisdiction over Somos because, like Unitel, Nevada is neither Somos's place of incorporation nor its principal place of business. *See*

- 4 -

*Daimler*, 571 U.S. at 137 (citation omitted); (ECF Nos. 24, 63, 69). Somos also does not have continuous and systematic contact with Nevada because, as Somos asserts and Davis does not dispute, Somos is not registered to do business in Nevada and does not have offices, agents, employees, or bank accounts in Nevada. *Mavrix*, 647 F.3d at 1225; *see generally* (ECF Nos. 24, 63, 65, 69).

Although Somos held its 2016 training seminar in Henderson, Nevada, this alone is insufficient to establish general jurisdiction because this contact with Nevada is not "so continuous and systematic as to render [Somos] essentially at home in [this] forum[.]" *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (citing *Daimler*, 134 S.Ct. at 761) (internal quotations omitted); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927, 131 S.Ct. 2846, 2856 (2011) (citation omitted); *see also* (ECF No. 65 at 7). Thus, the court finds that it cannot exercise general jurisdiction over Somos.

*b. Specific jurisdiction*

The Ninth Circuit has established a three-prong test for analyzing whether a district court may exercise specific personal jurisdiction over a defendant. In order to exercise specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id*. (citations omitted).

Under the first prong of the test, the Ninth Circuit treats "purposeful availment" and "purposeful direction" as separate methods of analysis. *Wash. Shoe Co.*, 704 F.3d at 672. Purposeful availment is utilized for suits sounding in contract, whereas purposeful direction is

James C. Mahan
U.S. District Judge

- 5 -

utilized for suits sounding in tort. *Schwarzenegger*, 374 F.3d at 802 (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

To determine whether a claim sounds in tort or in contract, courts consider "whether the actions or omissions complained of constitute a violation imposed by law, or of duties arising by virtue of the alleged express agreement between the parties." *Axis Spine, LLC v. Xtant Medical Holdings, Inc.*, No. 2:17-cv-02147-APG-VCF, 2018 WL 1794721 at *4 (D. Nev. Apr. 16, 2018). Where actions constitute a violation imposed by law, such actions generally sound in tort. *See generally id*. (violations of law impose duty-based recovery and are thus torts). Because Davis alleges violations of the Federal Communications Act, he seeks to recover on a duty imposed by law. Therefore, this action sounds in tort.

The court thus employs the *Calder*-effects test to determine whether Davis has satisfied the first prong of the *Schwarzenegger* test. *Schwarzenegger*, 374 F.3d at 802–03 (holding courts shall use the purposeful direction analysis for tort claims). Under the *Calder*-effects test, a plaintiff must show that the defendant (1) committed an intentional act; (2) expressly aimed at the forum state; and (3) the defendant knew that the brunt of the harm was likely to be suffered in the forum state. *Wash. Shoe Co.*, 704 F.3d at 673; *but see Freestream Aircraft (Bermuda) Limited v. Aero Law Group*, 905 F.3d 597, 604 (9th Cir. 2018) (limiting the *Calder*-effects test to conduct that takes place outside the forum state).

In applying this test, the court looks "to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (citing *Walden v. Fiore*, 571 U.S. 277, 285 (2014)) (internal quotations omitted); *see also Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1143 (9th Cir. 2017) (citation omitted). Additionally, to establish specific personal jurisdiction, the defendants' contacts with the forum state must be related to the instant suit. *See Walden*, 571 U.S. at 284 ("the defendant's suit-related conduct must create a substantial connection with the forum").

    i.    Unitel

Unitel contends that it does not have sufficient minimum contacts with Nevada to subject it to personal jurisdiction in this forum. (ECF No. 26). Specifically, Unitel argues that (1) it did

James C. Mahan
U.S. District Judge

not purposefully direct its activities at Nevada; and (2) Davis's claims do not arise out of Unitel's forum-related activities. (ECF No. 26).

*1. Purposeful direction*

Purposeful direction is not established where a defendant's only connection to the forum is the fact that the plaintiff resides there. *See Morrill*, 873 F.3d at 1144. Indeed, "[t]he plaintiff cannot be the only link between the defendant and the forum." *Picot*, 780 F.3d at 1214 (internal quotations and citation omitted). Such is the case here.

Indeed, Unitel's alleged tortious conduct consists of terminating Davis's account and releasing the VTFNs that it reserved on Davis's behalf. (ECF No. 24). While these were intentional acts, the court does not find that Unitel expressly aimed this conduct at Nevada. As Unitel asserts, if it took any such actions it would have done so from its place of incorporation, Illinois. (ECF No. 26 at 10). Indeed, Davis does not allege any facts demonstrating that Unitel intended to aim its conduct at this forum. *See id*. Accordingly, none of Unitel's alleged conduct "had anything to do with [Nevada] itself," and "is not tethered to [Nevada] in any meaningful way." *Picot*, 780 F.3d at 1215 (internal quotations and citation omitted).

Moreover, even if Davis ultimately felt the effects of Unitel's actions in Nevada, this alone is insufficient to show that Unitel aimed its actions at Nevada because the effects are "not connected to the forum [s]tate in a way that makes those effects a proper basis for jurisdiction." *Id*. Although Davis resides in Nevada, his injury "is entirely personal to him and would follow him wherever he might choose to live or travel." *Picot*, 780 F.3d at 1215. Therefore, the court finds that Unitel did not purposefully direct its activities at Nevada.

*2. Forum-related activities*

The second prong of the test for specific jurisdiction requires that the plaintiff's claims arise out of the defendant's forum-related activities. *Schwarzenegger*, 374 F.3d at 802. This inquiry turns on whether the plaintiff would not have been injured "but for" the defendant's forum-related activities. *See Panavision*, 141 F.3d at 1332; *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Activities that are "too attenuated" do not satisfy the but-for test. *Doe v. American Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997).

As previously discussed, Unitel has not engaged in any forum-related activity. Unitel allegedly terminated Davis's account and released the VTFNs that it had previously reserved on Davis's behalf. (ECF No. 24). Unitel's conduct is not "related" to this forum in any way besides the fact that it allegedly harmed Davis, a Nevada citizen. Accordingly, the court finds that Davis fails to satisfy this prong of the test.

### 3. Reasonableness

Because the court finds that Davis's claims do not arise out of or relate to Unitel's forum-related activities, it need not address the third prong of the specific jurisdiction analysis. *Freedom Innovations, LLC v. Chas. A. Blatchford & Sons, Ltd.*, No. 2:14-cv-01028-RCJ-CWH, 2014 WL 5286522 at *6 (D. Nev. Oct. 15, 2014) (holding that the court need not address reasonableness because the plaintiff failed to establish the first two prongs for specific jurisdiction); *Rockwell Automation, Inc. v. Beckhoff Automation, LLC*, 23 F.Supp.3d 1236, 1245 (D. Nev. May 30, 2014) ("Because the 'arises-out-of' test cannot yet be satisfied, the [c]ourt need not address reasonableness").

Davis has failed to demonstrate that the court may exercise specific personal jurisdiction over Unitel. Therefore, the court grants Unitel's motion to dismiss.

### ii. Somos

Somos maintains that the court lacks specific jurisdiction over it because (1) Somos did not purposefully direct its activities at Nevada; and (2) Davis's claims do not arise out of Somos's forum-related activities. (ECF No. 63).

### 1. Purposeful direction

Davis alleges that Somos intentionally or negligently failed to identify and flag Davis's VTFNs as disconnected, which resulted in his loss of the VTFNs. (ECF No. 24 at 14). Although Somos's act may have been intentional, Davis fails to allege that Somos expressly aimed this conduct at Nevada. *See* (ECF Nos. 24, 65). This alleged conduct "had [nothing] to do with [Nevada] itself," and "is not tethered to [Nevada] in any meaningful way." *Picot*, 780 F.3d at 1215 (internal quotations and citation omitted).

James C. Mahan
U.S. District Judge

- 8 -

1    The court further finds that Davis does not allege any specific, suit-related conduct by Somos in connection to this forum other than the fact that Davis resides in Nevada. (ECF Nos. 24 at 1). As such, the fact that Davis felt harm in Nevada is only a result of his coincidental residence in the forum. (ECF No. 24). Davis's injury "would follow him wherever he might choose to live or travel." *Picot*, 780 F.3d at 1215.

While Davis does allege that Somos invited him to attend its 2016 training seminar in Henderson, Nevada, this conduct is wholly unrelated to this action. (ECF No. 65 at 7). Thus, Davis's attempt to allege meaningful contacts between Somos and Nevada in relation to the instant suit is insufficient to establish purposeful direction. *See Walden*, 571 U.S. at 284. Therefore, the court finds that Somos did not purposefully direct its suit-related activities at Nevada.

### *2. Forum-related activities*

Whether Davis's claims arise out of Somos's forum-related activities turns on whether Davis would not have been injured "but for" those activities. *See Panavision*, 141 F.3d at 1332; *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Somos allegedly harmed Davis by failing to identify and flag his VTFNs, causing Davis to lose them. *See* (ECF Nos. 24 at 14). However, this act does not constitute a forum-related activity because Somos's only suit-related connection to this forum is that Davis resides in Nevada. *See Walden*, 571 U.S. at 284 ("the defendant's suit-related conduct must create a substantial connection with the forum"); (ECF No. 24 at 1). Therefore, Davis's claims do not arise out of Somos's forum-related activity.

### *3. Reasonableness*

Since the court finds that these causes of actions do not arise out of or relate to Somos's suit-related activities directed at Nevada, it need not address the third prong of the specific jurisdiction analysis. *Freedom Innovations, LLC*, slip op. at *6; *Rockwell Automation, Inc.*, 23 F.Supp.3d at 1245; *Wall*, slip op. at *5.

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Unitel's motion to dismiss (ECF No. 26) be, and the same hereby is, GRANTED.

IT IS FURTHERED ORDERED that Somos's motion to dismiss (ECF No. 63) be, and the same hereby is, GRANTED.

IT IS FURTHERED ORDERED that Davis's claims against Unitel and Somos be, and the same hereby are, DISMISSED, with prejudice.

DATED August 2, 2019.

                                                */s/ James C. Mahan*
                                          UNITED STATES DISTRICT JUDGE